UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

ANA R. POST,                                             Case No. DG 16-04850
                                                         Chapter 7

            Debtor.

_____/

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
            Chief United States Bankruptcy Judge

Ana R. Post (the "Debtor") filed a Chapter 13 petition on September 21, 2016, with the assistance of counsel, Timothy F. Johnson, Esq. ("Debtor's Attorney"), struggling for several months to address objections to confirmation, a dismissal motion, and two adversary proceedings under § 523, among other demands.  In the process, she incurred a debt to her counsel in the amount of $7,537.33, according to Debtor's Attorney's First Application for Compensation (the "Fee Application," ECF No. 40).

The court held and adjourned the confirmation hearing several times, but before it could decide whether to confirm or deny the Debtor's plan, she voluntarily converted her case to Chapter 7 on June 20, 2017, shortly after Debtor's Attorney filed the Fee Application.  As of the order for relief in the Chapter 7 case, the Chapter 13 trustee was holding approximately $5,000.00.

After appropriate notice to interested parties, the Debtor's Attorney filed a certificate indicating that no one objected to the Fee Application.  Given the timing of the events in the case, however, and in view of the recent decision of the United States Supreme Court in *Harris v. Viegelahn*, 135 S. Ct. 1829 (2015), the court scheduled a hearing to consider the Fee Application and the extent to which Debtor's Counsel should be paid from the pre-conversion funds in the hands of the Chapter 13 trustee.

After reviewing the Fee Application, applying the lodestar analysis, and considering the efforts that Debtor's Attorney made during the Chapter 13 case -- efforts that benefitted the Debtor -- the court has no quarrel with the amount of fees requested.  Rather, the court's only concern is whether it may direct the Chapter 13 trustee to pay counsel the funds on hand, or whether the trustee must instead remit them to the Debtor under § 348 and *Harris.*  During the hearing, the court agreed to permit counsel to submit a brief on the question.  The court has reviewed the brief, the *Harris* case and its progeny, as well as the statutory text.  For the following reasons, the court

will approve the Fee Application to the extent it seeks approval of $7,537.33 as a cost of administration under § 330(a)(4)(B) and § 503(b)(2), but deny it to the extent it seeks payment from the funds in the Chapter 13 trustee's hands.

*Harris* teaches, among other things, that when a case converts from Chapter 13 to Chapter 7, the courts and parties should, as far as practical, treat the case as if it had originally been filed under Chapter 7 in the first place.  To that end, the Supreme Court held that upon conversion from Chapter 13 to Chapter 7, the Chapter 13 trustee must "return undistributed postpetition wages to the debtor."  *Harris*, 135 S. Ct. at 1838.  *Harris* also reminds us what § 103(i) says, namely that "Chapter 13 of this title [11] applies only in a case under such Chapter."

Notwithstanding *Harris*, Debtor's Attorney argues that because the court did not confirm the Debtor's plan, § 1326(a)(2) requires the trustee to pay administrative claims, such as his claim for any fees approved under § 330(a)(4)(B), before returning plan payments to the Debtor.  Of course, as the Supreme Court said in *Harris*, "no Chapter 13 provision holds sway" after conversion to Chapter 7, and this would include § 1326.  *Harris*, 135 S. Ct. at 1838.  Even if § 1326 applied post-conversion, the court reads the statute as applying after the court has made its decision about confirmation.  Here, the conversion occurred before the court made any decision regarding the plan.  For these reasons, the court is not persuaded by the opinion in *In re Brandon*, 537 B.R. 231, 238 (Bankr. D. Md. 2015).[1]

Finally, despite having an opportunity to establish the Debtor's bad faith in converting the case, no interested party has raised the issue.  *See* Notice of Conversion of Case Under Chapter 13 to Case Under Chapter 7 Together With Related Order at ¶ 5 (ECF No. 42). Accordingly, under § 348(f)(1)(A), the funds in the Trustee's possession are no longer included within the estate, which is to say, no longer available to satisfy claims.

As noted during the hearing, and as Debtor's Attorney all-but-concedes in his brief, § 726(b) expressly anticipates, and governs, the situation in which a case is converted under § 1307 to Chapter 7 after the estate incurs the obligation to pay administrative claims, but before such claims have been paid.  In such a case, the Chapter 13 administrative claims are entitled to payment before most other claims, but not before payment of administrative claims incurred under Chapter 7.  *See* 11 U.S.C. § 726(b).

Accordingly, although the court will approve the Fee Application and require the estate to satisfy the Debtor's Attorney's claim in the amount of $7,537.33, the claim cannot be paid from

---

[1] The decision in *Brandon* involved several Chapter 13 cases.  To the extent it involved the dismissal of a case, implicating § 349, or a debtor's assignment of rights in favor of counsel, implicating non-bankruptcy law, the case is also distinguishable.

the wages that the Chapter 13 trustee received pre-conversion, and payment must await distribution under § 726, subject to the priorities set forth (or recognized) in that provision.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1.      The Fee Application is APPROVED IN PART and DISAPPROVED IN PART; and

2.      Debtor's Attorney shall have an administrative claim under §§330(a)(4)(B) and 503(b)(2) in the amount of $7,537.33 payable not by the Chapter 13 trustee, but only from the Chapter 7 trustee pursuant to the provisions of Chapter 7.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Ana R. Post, Timothy F. Johnson, Esq., attorney for Debtor, Brett N. Rodgers, Esq., Marcia R. Meoli, Esq., Chapter 7 Trustee, and the Office of the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**

**Dated August 30, 2017**



Scott W. Dales
United States Bankruptcy Judge